**JENNER & BLOCK LLP**
Brandon D. Fox (SBN CA 290409)
BFox@jenner.com
Rachael A. Goldman (SBN 335138)
RGoldman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
Telephone: +1 213 239 6900
Facsimile: +1 213-239 5199

Attorneys for Defendants
Fox Corporation and Fox News Network, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SONNI ECHEVERRIA-CORZAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FOX CORPORATION and FOX NEWS NETWORK, LLC,

Defendants.

Case No. ________________

**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(d), 1441, 1446, 1453**

[Removal from the Superior Court of California, County of Alameda, Case No. 25CV116457]

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox") hereby effect the removal of the state court civil action titled *Echeverria-Corzan v. Fox Corporation and Fox News Network, LLC*, No. 25CV116457, from the Superior Court of California, County of Alameda (the "State Court Action"), to the United States District Court for the Northern District of California.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a putative class action in which at least one member of the purported class is diverse in citizenship from at least one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a).

**<u>FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS</u>**

Plaintiff Sonni Echeverria-Corzan ("Plaintiff") filed the State Court Action on March 27, 2025. On April 11, 2025, Plaintiff filed an Amended Complaint. *See* **Exhibit 1** (Amended Complaint). Plaintiff served the Summons and Amended Complaint on Fox on April 17, 2025. *See* **Exhibit 2** (Proof of Service).

No substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein. The file includes the Amended Complaint (**Exhibit 1**), the Proof of Service (**Exhibit 2**), and all other process, pleadings, and orders filed in the State Court Action (**Exhibit 3**).

Plaintiff alleges that Fox violates the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630 *et seq.*, by using third-party trackers (the "Trackers") to collect device identifier information and set cookies each time a user visits the foxnews.com website (the "Website"). Am. Compl. ¶ 3. Based on those allegations, Plaintiff seeks statutory damages of $5,000 for each alleged CIPA violation, pre- and post-judgment interest, declaratory relief, and an award of attorneys' fees, expenses, and costs of suit. *Id.* ¶ 212. Plaintiff seeks these remedies on behalf of

a putative class defined as "all California residents who accessed the Fox News Website in California and had their IP address collected by the Trackers (the 'Fox News Website Class' or the 'Class')." *Id.* ¶ 194.

## ARGUMENT

"[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal quotation marks omitted).

## I. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE MET

CAFA provides that federal courts have original jurisdiction over class actions in which (i) any member of a class of plaintiffs is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending. Under CAFA, there is no presumption against removal to federal court. *Dart Cherokee*, 574 U.S. at 89.

For the reasons explained below, this action satisfies all requirements for federal jurisdiction under CAFA.

### A. The Parties Are Minimally Diverse

CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." (citation omitted)).

Plaintiff resides in and is a citizen of California. Am. Compl. ¶ 9. Plaintiff purports to represent a class of "all California residents who accessed the Fox News Website in California and had their IP address collected by the Trackers." *Id.* ¶ 194.

Fox Corporation is incorporated in Delaware and maintains its principal place of business in New York. *See* Am. Compl. ¶ 10; **Exhibit 4** (Delaware Department of State website). Accordingly, Fox Corporation is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Fox News Network, LLC is a Delaware limited liability company with its principal place of business in New York. *See* Am. Compl. ¶ 11; **Exhibit 4**. Fox News Network, LLC's sole member is Fox Television Stations LLC. Fox Television Stations LLC's sole member is Fox Television Holdings LLC. Fox Television Holdings LLC's sole member is Foxcorp Holdings LLC. Foxcorp Holdings LLC's sole member is Fox Corporation. Thus, Fox News Network, LLC is a citizen of Delaware and New York. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens").

Minimal diversity is satisfied here because Plaintiff is a citizen of California, and both Defendants are citizens of New York and Delaware.

**B. Plaintiff Has Alleged That the Putative Class Is Sufficiently Numerous**

Plaintiff alleges that "[t]he number of people within the Class is substantial and believed to amount to thousands, if not millions of persons." Am. Compl. ¶ 196. Plaintiff's allegations support a plausible inference that the putative class has over 100 members, as CAFA requires. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. There Is at Least $5 Million in Controversy**

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

"To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the amount *at stake* in the underlying litigation." *Id.* (internal quotation marks omitted). "'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Id.*

Fox expressly denies any liability in this case and will vigorously assert its rights and defenses. However, for purposes of the jurisdictional requirements for removal only, and without conceding any merit to Plaintiff's allegations or claims for damages and fees, the amount placed in controversy by Plaintiff's Amended Complaint satisfies CAFA's jurisdictional threshold.

Plaintiff and the Class members "each seeks statutory damages of $5,000 for each of Defendants' [alleged] violations of CIPA § 638.51(a)." *Id.* ¶ 212. As stated above, Plaintiff alleges that there are at least thousands of people in the class. Am. Compl. ¶ 196. Even if the Class contained only 1,000 members (versus the "thousands, if not millions" that Plaintiff alleges), the value of Plaintiff's asserted claim for statutory damages amounts to $5 million ($5,000 x 1,000). It is therefore "reasonably possible," *Greene*, 965 F.3d at 772, that Plaintiffs' allegations place greater than $5 million in controversy.[1]

## II. OTHER REQUIREMENTS FOR REMOVAL ARE MET

This Court has venue over the matter because Plaintiff filed the State Court Action in Alameda County Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[1] Plaintiff also seeks to recover attorneys' fees, Am. Compl. at 59-60, and the Court "must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met," *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Arias v. Residence Inn by Mariott*, 936 F.3d 920, 928 (9th Cir. 2019) (reversing order granting motion to remand where the district court "erred in excluding prospective attorneys' fees from the amount in controversy").

division embracing the place where such action is pending."); *see also* 28 U.S.C. § 84(a) (providing that Alameda County is part of the Northern District of California).

This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint. Plaintiff served the Summons and Amended Complaint on Fox on April 17, 2025. *See* Ex. 2. Because Fox has filed this Notice of Removal within 30 days of April 17, 2025, it is timely.

No attorneys for Fox have entered an appearance or filed any pleadings or other papers responding to the Complaint or Amended Complaint in the State Court Action.

Pursuant to 28 U.S.C. § 1446(d), Fox will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Alameda County Superior Court and serve it on Plaintiff. *See* **Exhibit 5** (Notice to State Court).

## CONCLUSION

Fox removes this action to this Court based on the Court's original jurisdiction over the matter. The allegations in the Complaint allow for removal under CAFA because of the parties' diversity, the putative class's numerosity, and the alleged amount in controversy.

Dated: May 16, 2025

JENNER & BLOCK LLP

By: */s/ Kate T. Spelman*
Kate T. Spelman
Brandon D. Fox
Rachael A. Goldman

Attorneys for Defendants
Fox Corporation and Fox News Network, LLC